UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUSTIN MICHAEL FROWNFELTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-58-HAB-SLC |
| DAVID MEYER, et al., | |
| Defendants. | |

OPINION AND ORDER

Justin Michael Frownfelter was a prisoner without a lawyer when he initiated this lawsuit. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Frownfelter alleges that he had surgery for a broken jaw on August 25, 2022. The surgeon had scheduled him for a follow-up appointment on September 1, 2022, where he planned to remove stitches. But, four days after surgery, on August 29, 2022, Frownfelter was booked into the DeKalb County Jail. Frownfelter told Nurse David Meyer about his September 1, 2022, appointment, but Nurse Meyer did not document that the appointment was to have stitches removed. Several other members of the jail's

staff were also aware that Frownfelter had an appointment with his surgeon on September 1, 2022, although it is unclear if they knew the purpose of the appointment. Frownfelter was not transported to the appointment on September 1, 2022. The appointment was rescheduled for September 15, 2022, and Frownfelter was able to attend that appointment. However, by that time, his jaw was infected. The surgeon prescribed antibiotics and scheduled a follow up appointment for September 21, 2022. Frownfelter was taken to the September 21, 2022, appointment, and the surgeon had him admitted to the hospital. Another surgery was necessary, and he spent approximately a week in the hospital.

Because Frownfelter was a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and

circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Frownfelter alleges only that Nurse Meyer knew that he had an appointment scheduled, that the appointment was to have stitches removed, and that the purpose of the appointment was not documented by Nurse Meyer. The complaint indicates that Frownfelter is suing three defendants, but he also includes a list of other jail staff members who allegedly knew about the appointment. It is unclear if he is attempting to sue them. Only Nurse Myer is mentioned by name in the complaint and Frownfelter provides very little detail regarding his conversations with Nurse Meyer and no details whatsoever regarding his conversations with other members of the jail staff. It is unclear who made the decision that Frownfelter would not be permitted to go to the appointment or why he was prohibited from attending the appointment. It is unclear if jail medical staff offered to remove the stitches, or if he received any other medical assessments or care for his condition from medical staff at the jail. Frownfelter needs to clarify who he is suing, and for each individual that he is suing, he needs to indicate if he told them about the follow-up appointment, what he told them about the need for follow-up, when he provided the information, and how they responded. Without further details, it cannot be plausibly inferred that either Nurse Meyer or any of the jail staff acted in an objectively unreasonable manner in failing to have him transported to his September 1, 2022, appointment with his surgeon.

3

Frownfelter also named Quality Correctional Care as a defendant. Quality Correctional Care is not liable for the alleged acts of its employee even if the care provided was constitutionally inadequate. "[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008).

Finally, Frownfelter sued the DeKalb County Jail. The DeKalb County Jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Frownfelter may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the clerk will provide. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) form and send it to Justin Michael Frownfelter;

(2) GRANTS Justin Michael Frownfelter until **June 7, 2023**, to file an amended complaint; and

(3) CAUTIONS Justin Michael Frownfelter if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on May 16, 2023.

s/Holly A. Brady  
JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT