UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JUSTIN MICHAEL FROWNFELTER, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:23-CV-58-HAB-SLC |
| DAVID MEYER, et al., | |
| Defendants. | |

OPINION AND ORDER

Justin Michael Frownfelter was a prisoner without a lawyer when he initiated this lawsuit. ECF 1. He has now filed an amended complaint. ECF 12. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Frownfelter alleges that, on August 29, 2022, he was booked into the DeKalb County Jail. At the time of his arrest, he had a surgical follow-up appointment scheduled for September 1, 2022, to have stitches removed by his oral surgeon. Frownfelter told Nurse David Meyer about his September 1, 2022, appointment with his

oral surgeon to have the stitches removed. Frownfelter, however, was not transported to the appointment on September 1, 2022.

Every day after September 1, 2022, Frownfelter asked Nurse Meyers to let him go to the hospital or see the sheriff. Nurse Meyer indicated that the authorities had declined his requests. Frownfelter asked Jail Commander John Hicks to talk with the sheriff about the matter; he said he would, although it is unclear whether that conversation took place.

Sometime after September 1, 2022, Frownfelter developed pain and swelling in his neck, head, and jaw. The stitches opened up, and puss and blood were oozing from is neck.

Frownfelter was able to see his oral surgeon on September 15, 2022. However, by that time, his jaw was infected. The surgeon removed the stitches that he could remove and prescribed antibiotics. A follow up appointment was scheduled for September 21, 2022. At that appointment, the surgeon had Frownfelter admitted to the hospital. Due to the infection, another surgery was necessary, and Frownfelter spent approximately a week in the hospital.

Because Frownfelter was a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda*, 900 F.3d at 353-54. To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an

objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

In screening Frownfelter's earlier complaint, the court noted that he provided very little detail regarding his conversations with Nurse Meyer. As to Nurse Meyer, Frownfelter's amended complaint alleges essentially the same facts as his earlier complaint: Nurse Meyer knew he had an appointment scheduled to have his stitches removed and failed to ensure he was transported to that appointment, resulting in an infection, hospitalization, and additional surgery. It remains unclear who made the decision that Frownfelter would not be permitted to go to the appointment or why he was prohibited from attending the appointment. It remains unclear if jail medical staff offered to remove the stitches, or if Frownfelter received any other medical assessments or care for his condition from medical staff at the jail. Frownfelter has not indicated if he asked Nurse Meyer to remove the stitches or provide him with other on-site medical care. Frownfelter has not indicated if he was provided with any medical care for his

3

condition between his arrival at the jail and the appointment on September 15, 2022. Frownfelter's amended complaint does not address the deficiencies pointed out in the earlier screening order. Therefore, it cannot be plausibly inferred that Nurse Meyer's actions were objectively unreasonable, and Frownfelter has not stated a claim against Nurse Meyer.

Frownfelter also named Jail Commander Josh Hicks as a defendant. He alleges that he had one conversation with Mr. Hicks sometime after September 1, 2022, and that Mr. Hicks agreed that he would talk with the sheriff. Frownfelter has not provided any other details regarding the conversation with Jail Commander Hicks. It cannot be plausibly inferred from what is included in the amended complaint that Jail Commander Hicks actions were objectively unreasonable. Therefore, he has not stated a claim against Jail Commander Hicks.

The amended complaint also names DeKalb County Sheriff David G. Cserep, II, as a defendant, but Frownfelter alleges only that he asked to speak with the sheriff and his request was denied. To the extent that Frownfelter is attempting to hold the warden liable because he oversees the facility, there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Therefore, Frownfelter has not stated a claim against the sheriff.

The amended complaint does not state a claim for which relief can be granted. For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

4

SO ORDERED on October 3, 2023.

                                                s/Holly A. Brady
                                                CHIEF JUDGE HOLLY A. BRADY
                                                UNITED STATES DISTRICT COURT